# IN THE UNITED STATES COURT OF APPEALS
## for the Eighth Circuit
### APPELLATE CAUSE NO. 24-2722

| | | |
|---|---|---|
| PRESTON BYRON KNAPP; | ) | Appeal from the United States |
| MICHELLE NICHOLE KNAPP | ) | District Court – Minnesota District |
| *Appellants,* | ) | |
| | ) | |
| | ) | |
| VS. | ) | District Court Case No. |
| | ) | 0:24-cv-003100-SRN-DTS |
| | ) | |
| COMPASS MINNESOTA, LLC, et. al, | ) | |
| *Appellees.* | ) | The Honorable Susan Richard Nelson, |
| | ) | District Court Judge |

---

## APPELLANTS' BRIEF

---

PRESTON BYRON KNAPP, Appellant/Plaintiff, Pro Se
2624 North Saunders Lake Drive
Minnetrista, MN 55364
Phone: (262) 496-8083

---

## ORAL ARGUMENT REQUESTED

---

# DISCLOSURE STATEMENT

The undersigned, Plaintiff-Appellants, Pro Se, furnish the following list in compliance with Circuit Rule 26.1A:

1. The full name of every party or amicus that attorneys represent in the case: **NONE.**  The Party Knapps are proceeding Pro Se.

2. Said parties are not a corporation.

3. The name of all law firms whose partners or associates have appeared for a party in the district court or are expected to appear for the party in the case: **None.  The Appellant parties are proceeding Pro Se**.

Dated: October 5th, 2024

/s/ *Preston Byron Knapp*_____
Preston Byron Knapp, Appellant, Pro Se

# TABLE OF CONTENTS

DISCLOSURE STATEMENT …………………………………….........1

TABLE OF AUTHORITIES ...................................................................3
    CASES/STATUTES/RULES ..............................................................3

JURISDICTIONAL STATEMENT .................................................4

ISSUES PRESENTED .......................................................................4

STATEMENT OF THE CASE AND FACTS .................................6

SUMMARY OF ARGUMENT .......................................................10

ARGUMENT .....................................................................................12

CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF
APPELLATE PROCEDURE 32(a)(7) .........................................26

NOTICE OF FILING AND PROOF OF SERVICE ...................27

# TABLE OF AUTHORITIES

## CASES/STATUTES/RULES

*28 U.S.C. § 1291 (Jurisdiction over appeals)* ..........................................................4

Fed. R. Civ. P. 55(a) (Default Judgment).........................................11, 16, 17, 18, 19

Minnesota Statute § 523 (Power of Attorney Statute)............................8, 12, 13, 21

Federal Rule of Civil Procedure 12(b)(6).................................................................7

Minnesota Statute § 82.68 (Fiduciary Duties of Brokers)......................................24

*Martin Leigh PC v. Leyh*, No. 22-1975 (8th Cir. 2024)...............................14, 15, 16

*Printed Media Services, Inc. v. Solna Web, Inc.*, 11 F.3d 838 (8th Cir. 1993).........18

*Foman v. Davis,* 371 U.S. 178 (1962)....................................................................19

*New York Life Insurance Co. v. Brown,* 84 F.3d 137 (5th Cir. 1996).....................19

*Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002)................................................21

*Conley v. Gibson*, 355 U.S. 41 (1957)....................................................................22

*Haines v. Kerner,* 404 U.S. 519 (1972)..................................................................23

*Moore v. City of Desloge, Mo.,* 647 F.3d 841 (8th Cir. 2011).................................23

# JURISDICTIONAL STATEMENT

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, which grants the United States Courts of Appeals jurisdiction over all final decisions of the district courts.

The final judgment of the United States District Court for the District of Minnesota was entered on August 12, 2024, dismissing the plaintiffs' claims with prejudice and awarding attorneys' fees to the defendants. The plaintiffs filed a Notice of Appeal on August 24, 2024, which was within the 30-day time limit set forth by Federal Rule of Appellate Procedure 4(a)(1)(A). Therefore, this appeal is timely and properly before this Court.

# ISSUES PRESENTED

1. **Whether the District Court committed reversible error in granting Defendants' Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure, despite the plaintiffs' presenting claims grounded in legitimate legal theories**.

    o **Basis**: Plaintiffs contend that the district court misapplied Rule 11, which does not apply to discovery motions under Rule 37. Plaintiffs maintain that their claims regarding breach of contract and fiduciary duties were made in good faith, with sufficient factual and legal foundation, and were not frivolous.

2. **Whether the District Court abused its discretion in awarding substantial attorneys' fees and costs to the defendants, without adequately considering the proportionality of those fees in light of the plaintiffs' pro se status and the nature of the claims at issue**.

   o **Basis**: Plaintiffs argue that the awarded fees ($36,520.63 for Compass Minnesota, LLC, and $27,816.83 for Daniel Philip Hollerman) were excessive, punitive, and unjustified, given that plaintiffs were pursuing their rights in good faith and with reasonable legal grounds. Furthermore, the court failed to assess whether the fees claimed were necessary or appropriate under the circumstances.

3. **Whether the District Court erred in dismissing the plaintiffs' claims with prejudice, thus denying the plaintiffs the opportunity to conduct discovery and present evidence supporting their allegations of breach of contract and fiduciary duty**.

   o **Basis**: The plaintiffs assert that the court prematurely dismissed their case without permitting discovery, which would have allowed them to substantiate their claims. This dismissal deprived the plaintiffs of due process and the ability to litigate their case fully.

4. **Whether the District Court erred in denying the plaintiffs' Motion for Default Judgment against Defendants Compass Minnesota, LLC, and**

**Daniel Philip Hollerman, despite the defendants' failure to respond within the required time period**.

- o **Basis**: Plaintiffs argue that the district court improperly denied their motion for default judgment. Under Federal Rule of Civil Procedure 55(a), the plaintiffs were entitled to default judgment as the defendants failed to timely file a responsive pleading after being served with the complaint. The court's denial of this motion undermined the procedural protections provided under Rule 55.

5. **Whether the District Court improperly rejected the plaintiffs' Motion to Compel Communication with their Attorney-in-Fact, thus violating the statutory rights provided by Minnesota Statute 523, which authorizes the use of a Power of Attorney in legal proceedings**.

- o **Basis**: The plaintiffs argue that the district court erred in refusing to compel communication with their Attorney-in-Fact, Brandon Joe Williams. Minnesota law allows for the delegation of legal decision-making authority through a Power of Attorney, and the court's refusal to recognize this statutory right was a misapplication of the law.

## STATEMENT OF THE CASE AND FACTS

This case arises from a real estate transaction that failed to close, resulting in litigation between the plaintiffs, Preston Byron Knapp and Michelle Nichole

Knapp (collectively "Plaintiffs"), and the defendants, Compass Minnesota, LLC and Daniel Philip Hollerman (collectively "Defendants"). Plaintiffs filed suit in the United States District Court for the District of Minnesota, asserting claims for breach of contract and breach of fiduciary duty arising from the failed sale and purchase of real estate.

## I. The Failed Real Estate Transactions

The plaintiffs entered into two contracts: one to sell their property at 2624 North Saunders Lake Drive, Minnetrista, MN, and another to purchase a property located at 9350 Forest Road, Cannon Falls, MN. Both contracts were negotiated through defendant Compass Minnesota, LLC, with defendant Daniel Philip Hollerman serving as the plaintiffs' real estate broker.

Later in the process, the plaintiffs replaced Daniel Philip Hollerman with another agent, Brandon Joe Williams, who was to serve as their closing agent moving forward. Preston Byron Knapp formally notified all parties of this change in agent status, asserting their legal right to do so. Despite the plaintiffs' clear communication of the change, the defendants refused to acknowledge Mr. Williams as the new agent and refused to move forward with the closing. Plaintiffs allege that this refusal constituted a breach of contract and placed the defendants in default, as it directly hindered the timely execution of both real estate transactions.

## II. Legal Proceedings in the District Court

On January 15, 2024, the plaintiffs initiated legal action in the United States District Court for the District of Minnesota, alleging that the defendants' actions constituted breach of contract and breach of fiduciary duties. They sought both monetary damages and declaratory relief.

Shortly after the complaint was filed, the plaintiffs served the defendants, but Daniel Philip Hollerman and Compass Minnesota, LLC failed to respond within the time prescribed by the Federal Rules of Civil Procedure. Plaintiffs then filed a Motion for Default Judgment, arguing that the defendants had waived their right to respond by missing the deadline.

The defendants eventually filed a joint motion to dismiss under **Federal Rule of Civil Procedure 12(b)(6)**, contending that the plaintiffs' claims were legally deficient. The defendants further argued that service of process was improper and that the plaintiffs' legal theories were grounded in sovereign citizen-type arguments, which had no basis in law.

### III. Motion to Compel Communication and Attorney-in-Fact Dispute

In parallel to the substantive claims, the plaintiffs filed a Motion to Compel Communication with their Attorney-in-Fact, Brandon Joe Williams, pursuant to **Minnesota Statute 523**, which authorizes the use of a Power of Attorney for legal matters. Plaintiffs argued that the defendants' refusal to engage with Mr. Williams violated their statutory rights under Minnesota law.

The defendants opposed this motion, asserting that Mr. Williams was not a licensed attorney and that his involvement amounted to unauthorized practice of law. The district court sided with the defendants, denying the plaintiffs' motion and finding that Mr. Williams lacked the legal standing to participate in the litigation in any official capacity.

## IV. The Court's Dismissal and Motion for Sanctions

On August 12, 2024, the district court granted the defendants' motion to dismiss, finding that the plaintiffs' claims were frivolous and based on discredited legal theories. The court also denied the plaintiffs' motion for default judgment, ruling that the defendants had filed a timely response once service of process issues were resolved. Further, the court rejected the plaintiffs' motion to compel communication with their Attorney-in-Fact.

Following the dismissal of the case, the defendants filed a Motion for Sanctions under Federal Rule of Civil Procedure 11, seeking attorneys' fees and costs. The defendants argued that the plaintiffs had pursued baseless claims, wasting judicial resources. On August 12, 2024, the court granted the motion for sanctions, awarding $36,520.63 to Compass Minnesota, LLC and $27,816.83 to Daniel Philip Hollerman for attorneys' fees and costs.

## V. Plaintiffs' Appeal

On August 24, 2024, the plaintiffs timely filed their Notice of Appeal, challenging the district court's dismissal of their claims, denial of their Motion for Default Judgment, and award of sanctions and attorneys' fees to the defendants. Plaintiffs assert that their claims were grounded in legitimate legal theories, and the district court erred in dismissing the case without allowing discovery or further proceedings.

The plaintiffs now seek review from this Court, asking for a reversal of the district court's dismissal, denial of their motions, and imposition of sanctions.

## SUMMARY OF THE ARGUMENT

The District Court erred in several key respects, leading to the improper dismissal of the plaintiffs' case and the imposition of sanctions. First, the court improperly granted **Rule 11 sanctions** against the plaintiffs despite the fact that their claims were grounded in good faith legal arguments and factual allegations regarding breach of contract and fiduciary duties. The plaintiffs' legal theories, particularly regarding the replacement of defendant **Daniel Philip Hollerman** with **Brandon Joe Williams** as their closing agent, were well-supported by Minnesota law and should not have been dismissed as frivolous.

Second, the District Court abused its discretion in awarding substantial attorneys' fees to the defendants, imposing a punitive financial burden on the pro se plaintiffs. The awarded fees—totaling **$36,520.63** for **Compass Minnesota, LLC**

and **$27,816.83** for **Daniel Philip Hollerman**—were disproportionate to the nature of the case and not justified given the procedural history and the plaintiffs' pro se status. The court failed to fully consider the reasonableness and necessity of the fees requested by the defendants, resulting in an unjust financial penalty.

Third, the District Court improperly denied the plaintiffs' **Motion for Default Judgment** despite the defendants' failure to timely respond to the complaint. The defendants were served in accordance with the **Federal Rules of Civil Procedure**, and their failure to file a timely response placed them in default. The plaintiffs were entitled to default judgment under **Rule 55(a)**, and the court's refusal to grant that judgment violated the plaintiffs' procedural rights.

Additionally, the District Court erred in dismissing the plaintiffs' complaint with prejudice before allowing discovery. The dismissal deprived the plaintiffs of the opportunity to present evidence supporting their breach of contract and fiduciary duty claims. The court failed to appreciate that the plaintiffs' claims raised valid legal issues, including the defendants' breach of their contractual duties by refusing to acknowledge the replacement of the real estate broker with **Brandon Joe Williams**. The premature dismissal prevented the plaintiffs from conducting discovery that could have substantiated these claims.

Finally, the District Court erred in denying the plaintiffs' **Motion to Compel Communication** with their legally appointed Attorney-in-Fact, **Brandon Joe**

**Williams**, under **Minnesota Statute 523**. The court's refusal to compel such communication violated the plaintiffs' statutory rights and constituted a misapplication of Minnesota law, which authorizes the use of a Power of Attorney in legal proceedings.

For these reasons, the plaintiffs respectfully request that this Court reverse the District Court's dismissal of their claims, vacate the award of attorneys' fees and sanctions, and remand the case for further proceedings, including discovery and a full hearing on the merits of their breach of contract and fiduciary duty claims.

## ARGUMENT

**I.  The District Court Erred in Granting Rule 11 Sanctions by Misapplying Rule 37 and Failing to Adhere to Procedural Requirements, in Direct Contravention of Rule 11(d)**

The District Court improperly imposed **Rule 11** sanctions on the plaintiffs based on its erroneous classification of the plaintiffs' *Motion to Compel Communication with Attorney-in-Fact, Brandon Joe Williams* under **Rule 37**. This misclassification directly contravenes Rule 11(d), which explicitly states that **Rule 11** does not apply to motions governed by Rules 26 through **37**, including discovery-related matters. Moreover, the defendants, Hollerman and Compass, failed to comply with local procedural rules governing the request for sanctions, further invalidating the sanctions.

## A. The Court's Misapplication of Rule 37 Contravenes Rule 11(d)

The District Court's decision to treat the plaintiffs' *Motion to Compel Communication* as a discovery-related motion under **Rule 37** was erroneous. The court explicitly stated:

"As such, the Court considers this motion under the closest federal rule available, Fed. R. Civ. P. 37." (*Id.* Doc 59, p. 20).

This classification was a critical error because the plaintiffs' motion did not relate to any discovery issues but instead sought to enforce their statutory rights under **Minnesota Statute 523**, which authorizes the use of a Power of Attorney in legal matters. By treating the motion under **Rule 37**, the court triggered the protection of **Rule 11(d)**, which states:

"This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through **37**." (Emphasis Added)

Since the court classified the motion under **Rule 37**, **Rule 11** sanctions should have been precluded by **Rule 11(d).** However, the court-imposed sanctions under **Rule 11**, violating the procedural safeguards provided by the rule.

## B. The Defendants Failed to Comply With Local Rule 7.1 Regarding Sanctions

In addition to the misapplication of **Rule 37**, the imposition of Rule 11 sanctions is further flawed because Hollerman and Compass failed to comply with **Local Rule 7.1** *Civil Motion Practice* when requesting sanctions. **Local Rule**

**7.1(a)** requires that parties meet and confer before filing a motion and mandates that the certification of the meet and confer include the following:

"The moving party must meet and confer with the opposing party and must certify in the motion papers that they met and conferred regarding the motion."

**Local Rule 7.1(a)(1)(B)(i)** further requires that the certification must:

"(i) certify that the moving party met and conferred with the opposing party."

According to the Meet and Confer Certification filed by the defendants (*Id.* Doc 49), the defendants certified:

"Pursuant to **Local Rule 7.1(a)**, counsel for Defendants certify that they met and conferred via telephone with Plaintiffs Preston and Michelle Knapp regarding Plaintiffs' Complaint (ECF No. 1) and Defendants' plan to seek sanctions on February 20, 2024."

The plaintiffs dispute the validity of this certification, asserting that Michelle Knapp **was not** present during the meet and confer, as falsely certified by the defendants. This failure to comply with **Local Rule 7.1(a)** further invalidates the defendants' request for **Rule 11** sanctions, as the certification provided was both inaccurate and frivolous.

In ***Martin Leigh PC v. Leyh***, No. 22-1975 (8th Cir. 2024), the Eighth Circuit reinforced the importance of procedural compliance in sanctions motions, particularly under **Rule 11**. The court held that failure to comply with the safe harbor provision of **Rule 11(c)(2)** renders the sanctions motion invalid, stating:

"The safe-harbor provision is a strict procedural requirement." ***Martin Leigh PC v. Leyh***, No. 22-1975, at *5* (8th Cir. 2024).

Here, the defendants failed to adhere to the meet-and-confer requirements under **Local Rule 7.1**, which serves a similar purpose to **Rule 11(c)(2)**, requiring parties to confer in good faith before filing motions for sanctions. This procedural defect should have precluded the court from imposing **Rule 11** sanctions.

## C. The Plaintiffs Consistently Objected to the Misapplication of Rule 37, and the Court Failed to Address These Objections

Throughout the proceedings, the plaintiffs objected to the application of **Rule 11** sanctions related to their *Motion to Compel Communication*. In their *Response in Opposition to Defendants' Joint Motion for Sanctions* (*Id.* Doc 51), the plaintiffs argued that their motion was based on statutory rights and was not related to any discovery issues governed by **Rule 37**. In their Objection to the Court's Order (*Id.* Doc 72), the plaintiffs further explained that:

"The Court, in its Memorandum Opinion and Order (Dkt. 59, page 20), determined that Plaintiffs' motion to compel communication with a third party should be evaluated under Fed. R. Civ. P. 37. This determination renders Rule 11 inapplicable to the Defendants' Motion for Sanctions, making any sanctions awarded under Rule 11 legally unsound." (*Id.* Doc 72, p. 1).

Despite these objections, the court failed to address the plaintiffs' arguments, allowing an unjust ruling to stand. The court's refusal to consider these objections further raises questions about the fairness and accuracy of the sanctions imposed.

## Conclusion

The imposition of **Rule 11** sanctions against the plaintiffs was procedurally flawed and legally unsound. The court misapplied **Rule 37** and ignored the protections of **Rule 11(d)**, which exempts discovery-related motions from **Rule 11** sanctions. Furthermore, the defendants' failure to comply with **Local Rule 7.1(a)** regarding the meet-and-confer requirement invalidates their request for sanctions. The Eighth Circuit's recent decision in ***Martin Leigh PC v. Leyh***, No. 22-1975 (8th Cir. 2024) further underscores the importance of strict compliance with procedural requirements when seeking sanctions. The plaintiffs respectfully request that this Court reverse the district court's imposition of sanctions and remand the case for further proceedings under the correct legal framework.

## II. The District Court Erred in Denying the Plaintiffs' Motion for Default Judgment

The District Court improperly denied the plaintiffs' Motion for Default Judgment, despite the defendants' failure to respond within the time prescribed by the Federal Rules of Civil Procedure. The plaintiffs complied with the necessary procedural requirements, and both defendants—Compass Minnesota, LLC and Daniel Philip Hollerman—failed to respond timely, placing them in default. The refusal to grant default judgment was a misapplication of **Rule 55(a)** and an **abuse of discretion**. Moreover, Hollerman's argument concerning improper service is

moot, as his counsel had already appeared in the case before the deadline for a response.

## A. The Defendants Were Properly Served and Failed to Respond Timely

The plaintiffs properly served both defendants with the summons and complaint. According to the Notice of Service of Process filed on **February 2, 2024**, Hollerman was served on **January 22, 2024**, and Compass Minnesota, LLC was served on **January 25, 2024**. Despite this, neither defendant filed a timely response. Under **Rule 12(a)** of the Federal Rules of Civil Procedure, a defendant **must** serve an answer within 21 days after being served. More than 21 days passed after service, yet neither defendant filed a response until **February 20, 2024**, when the defendants filed a *Joint Motion to Dismiss*.

The plaintiffs filed their *Motion for Default Judgment* on **February 22, 2024**, against both Hollerman and Compass, as the defendants' failure to file a timely answer placed them in default.

## B. The District Court Failed to Properly Apply Rule 55(a) and Rule 6

The district court disregarded the plain language of **Rule 55(a)**, which mandates:

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by **affidavit** or **otherwise**, the clerk **must** enter the party's default."

Additionally, **Rule 6** of the Federal Rules of Civil Procedure provides that when a deadline falls on a weekend or holiday, it is extended to the next business

day. Even with this rule in mind, both defendants missed their respective deadlines. Hollerman's deadline was **February 12, 2024**, and Compass' deadline was **February 15, 2024**. Despite Compass Minnesota's argument that **Rule 6(d)** added extra time due to service by certified mail, the court failed to recognize that the defendants' responses were late even after accounting for the rules governing time computation.

## C. Hollerman's Argument Regarding Improper Service is Moot Due to Counsel's Appearance on January 18, 2024

Defendant Hollerman asserted that he was not properly served, claiming that service by certified mail was invalid under **Rule 4** of the Federal Rules of Civil Procedure. However, this argument is moot given that Hollerman's counsel appeared in the case on **January 18, 2024**, as reflected by the docket (***See* Dkt. 6 & 7**). Counsel's appearance clearly indicated that Hollerman had actual notice of the lawsuit well before the 21-day response period expired.

As the Eighth Circuit held in ***Printed Media Services, Inc. v. Solna Web, Inc.***, 11 F.3d 838, 843 (**8th Cir.1993**):

"If a defendant is improperly served, a federal court lacks jurisdiction over the defendant."

However, in this case, Hollerman's appearance and participation in the litigation nullified his claim of improper service. Despite this, Hollerman failed to file a timely response, making him subject to default judgment under **Rule 55(a).**

**D. The Plaintiffs Were Entitled to Default Judgment Under Rule 55(a)**

Once the defendants failed to respond within the required timeframe, the plaintiffs were entitled to default judgment under **Rule 55(a)**. Federal courts have consistently held that default judgment is appropriate when a party fails to timely respond to a properly served complaint. In ***Foman v. Davis***, 371 U.S. 178, 182 (1962), the Supreme Court emphasized the importance of following procedural rules to ensure fairness and prevent undue delay.

By failing to grant default judgment, the district court allowed the defendants to circumvent the consequences of their failure to timely respond, depriving the plaintiffs of their rightful remedy under the Federal Rules of Civil Procedure.

**E. The Denial of Default Judgment Prejudiced the Plaintiffs**

The district court's denial of default judgment caused undue prejudice to the plaintiffs by forcing them to continue litigating a case in which they were entitled to judgment. The court's decision allowed the defendants to avoid the consequences of their inaction, resulting in unnecessary delays and increased litigation costs for the plaintiffs. As recognized by the Fifth Circuit in ***New York Life Insurance Co. v. Brown***, 84 F.3d 137, 141 (5th Cir. 1996):

"Default judgment is appropriate when the adversary process has been halted because of an essentially unresponsive party."

The defendants' failure to timely respond halted the adversary process, and the district court's refusal to enter default judgment resulted in unnecessary prolongation of the case, further prejudicing the plaintiffs.

## F. Conclusion

The district court's denial of the plaintiffs' *Motion for Default Judgment* was a misapplication of the Federal Rules of Civil Procedure. Both defendants failed to file a timely response to the complaint, and the plaintiffs fulfilled all procedural requirements for default judgment. Furthermore, Hollerman's claims of improper service are moot, as his counsel appeared in the case on **January 18, 2024**. The court's failure to grant default judgment caused unnecessary delay and prejudice to the plaintiffs. The plaintiffs respectfully request that this Court reverse the district court's denial of default judgment and remand the case for entry of default judgment in favor of the plaintiffs.

## III. The District Court Erred in Dismissing the Plaintiffs' Complaint With Prejudice Before Allowing Discovery

The District Court prematurely dismissed the plaintiffs' complaint with prejudice without allowing discovery, depriving the plaintiffs of the opportunity to gather evidence supporting their claims. The dismissal violated the principles of fair procedure and contravened the **Federal Rules of Civil Procedure**, which generally mandate that parties have the opportunity to conduct discovery before a case is dismissed. The plaintiffs' claims for **breach of contract** and **breach of**

**fiduciary duty** raised legitimate legal issues that should have been explored through the discovery process.

**A. The Plaintiffs Raised Valid Legal Claims That Required Discovery**

The plaintiffs' complaint alleged that the defendants, **Compass Minnesota, LLC** and **Daniel Philip Hollerman**, breached their contractual and fiduciary duties by refusing to acknowledge the plaintiffs' appointed **Attorney-in-Fact**, **Brandon Joe Williams**, and by subsequently obstructing the plaintiffs' real estate transactions. These claims were supported by legal theories under **Minnesota contract law** and the **Minnesota Power of Attorney Statute (*Minn. Stat. § 523*)**, which authorizes the use of a Power of Attorney to delegate legal authority in transactions.

The plaintiffs clearly stated that **Hollerman** was originally serving as their real estate broker but was replaced with **Brandon Joe Williams** as the closing agent. Despite the plaintiffs notifying all parties of this change, the defendants refused to honor it, causing a breach of their contractual duties. These claims, which involve material factual disputes, warranted further factual development through discovery. In *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002), the **Supreme Court** emphasized that:

"A court may not dismiss a complaint for failure to state a claim before discovery unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim."

Here, the plaintiffs raised plausible claims for relief, and it was premature for the district court to dismiss the complaint without affording the plaintiffs an opportunity to gather evidence.

## B. The Dismissal With Prejudice Denied the Plaintiffs Their Right to Conduct Discovery

The district court's decision to dismiss the case with prejudice before allowing any discovery was procedurally improper. The **Federal Rules of Civil Procedure** favor resolving cases on their merits, particularly when the claims involve factual disputes that can only be resolved through discovery. **Rule 26** allows for broad discovery, stating that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.

In this case, discovery would have allowed the plaintiffs to gather evidence supporting their allegations of breach of contract and fiduciary duty. The court's refusal to allow discovery deprived the plaintiffs of the opportunity to obtain crucial documents, communications, and other evidence from the defendants that could have substantiated their claims. In ***Conley v. Gibson***, 355 U.S. 41, 45-46 (1957), the Supreme Court held:

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim."

The district court's dismissal with prejudice violated this principle by cutting off the plaintiffs' ability to obtain and present evidence through discovery. The dismissal was particularly unjust given that the plaintiffs had raised plausible legal claims that required factual development.

## C. Dismissing the Case With Prejudice Was Excessive and Punitive

The decision to dismiss the plaintiffs' complaint **with prejudice** was excessive and punitive, particularly since the plaintiffs were acting pro se and should have been afforded some leniency. In *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the **Supreme Court** held that:

"Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."

Despite this precedent, the district court failed to account for the plaintiffs' pro se status when dismissing their case with prejudice. Dismissing a case with prejudice is a drastic measure that is typically reserved for extreme situations, such as when a party engages in bad faith or misconduct. There is no evidence of such misconduct in this case, and the plaintiffs acted in good faith in pursuing their claims. The **Eighth Circuit** has repeatedly emphasized that dismissal with prejudice should be a last resort, especially in cases involving pro se litigants. In *Moore v. City of Desloge*, **Mo.**, 647 F.3d 841, 846 (8th Cir. 2011), the court stated:

"Dismissal with prejudice is an extreme sanction, and is only appropriate in cases of willful disobedience of a court order or persistent failure to prosecute a claim."

Here, the plaintiffs made every effort to prosecute their claims, but the district court prematurely dismissed their case, cutting off the opportunity to resolve it on the merits. This punitive dismissal was not justified by the facts of the case or the plaintiffs' conduct and must be reversed.

## D. The District Court's Dismissal Prevented the Plaintiffs From Presenting Evidence of the Defendants' Breach of Contract and Fiduciary Duties

The district court's premature dismissal deprived the plaintiffs of the opportunity to present evidence that would have supported their breach of contract and fiduciary duty claims. The plaintiffs had alleged that the defendants breached their duties by refusing to recognize **Brandon Joe Williams** as the closing agent after the plaintiffs had provided proper notice of this change. This refusal constituted a material breach of the contract, as the defendants obstructed the plaintiffs' real estate transactions.

Additionally, the plaintiffs' claims were supported by **Minnesota law**, which governs fiduciary duties in real estate transactions. Under **Minnesota Statute § 82.68**, real estate brokers owe fiduciary duties to their clients, including the duty to act in the best interest of the client. The plaintiffs' complaint raised valid claims that the defendants breached these duties by refusing to acknowledge the plaintiffs' choice of closing agent. Discovery was necessary to gather evidence to support

these claims, such as communications between the parties, contract documents, and other relevant information.

The district court's decision to dismiss the complaint with prejudice before allowing discovery prevented the plaintiffs from obtaining the evidence they needed to prove their claims.

## E. Conclusion

The district court's decision to dismiss the plaintiffs' complaint with prejudice before allowing discovery was a misapplication of the **Federal Rules of Civil Procedure**. The plaintiffs raised plausible claims for breach of contract and fiduciary duty, and discovery was essential to gathering evidence in support of these claims. Dismissing the case with prejudice, particularly against pro se litigants, was excessive and punitive. As a result, the plaintiffs respectfully request that this Court reverse the district court's dismissal of their claims and remand the case for further proceedings, including the opportunity to conduct discovery.

Dated: October 5th, 2024                    RESPECTFULLY SUBMITTED,

                                            BY:    /s/ *Preston Byron Knapp*
                                                   Preston Byron Knapp
                                                   Plaintiff, Pro Se
                                                   Pknapp5@gmail.com
                                                   (262) 496-8083

/s/ *Michelle Nichole Knapp*
Michelle Nichole Knapp
Plaintiff, Pro Se
Michelleknapp@gmail.com
(540) 931-5682

## CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a)(7)

The undersigned certifies that this brief complies with the volume limitations of Federal Rule of Appellate Procedure 32(a)(7) in that it contains 5271 words as shown by Microsoft Word in preparing this brief.

Dated:  October 5th, 2024                    RESPECTFULLY SUBMITTED,

BY:    /s/ *Preston Byron Knapp*
Preston Byron Knapp
Plaintiff, Pro Se
Pknapp5@gmail.com
(262) 496-8083

/s/ *Michelle Nichole Knapp*
Michelle Nichole Knapp
Plaintiff, Pro Se
Michelleknapp@gmail.com
(540) 931-5682

## NOTICE OF FILING AND PROOF OF SERVICE

TO:  Clerk of the United States Court of Appeals for the Eighth Circuit
111 S. 10th Street, Suite 24.329
St. Louis, MO 63102


PLEASE TAKE NOTICE that on October 5th, 2024, the undersigned has filed the following documents with the Clerk of the United States Court of Appeals for the Eighth Circuit:

- **Appellants' Brief** in digital media format, compliant with the Federal Rules of Appellate Procedure, including **Rule 32(a)(7)** regarding word limits and formatting requirements.

Pursuant to **Federal Rule of Appellate Procedure 25** and **Eighth Circuit Local Rule 25A**, this filing has been submitted electronically via the Eighth Circuit's Case Management/Electronic Case Filing (CM/ECF) system, which will serve copies of this filing on all registered parties.

**Distribution:  All Counsel of Record**

Dated:  October 5th, 2024                    RESPECTFULLY SUBMITTED,

                                             BY:  /s/ *Preston Byron Knapp*
                                                  Preston Byron Knapp
                                                  Plaintiff, Pro Se
                                                  Pknapp5@gmail.com
                                                  (262) 496-8083

                                                  /s/ *Michelle Nichole Knapp*
                                                  Michelle Nichole Knapp

Plaintiff, Pro Se
Michelleknapp@gmail.com
(540) 931-5682