# IN THE UNITED STATES COURT OF APPEALS
for the Eighth Circuit
APPELLATE CAUSE NO. 24-2722

| | | |
|---|---|---|
| PRESTON BYRON KNAPP;<br>MICHELLE NICHOLE KNAPP<br>    *Appellants,* | )<br>)<br>)<br>) | Appeal from the United States<br>District Court – Minnesota District |
| VS. | )<br>)<br>)<br>) | District Court Case No.<br>0:24-cv-00100-SRN-DTS |
| COMPASS MINNESOTA, LLC, et. al,<br>    *Appellees.* | )<br>)<br>)<br>) | The Honorable Susan Richard Nelson,<br>District Court Judge |

## PETITION FOR PANEL REHEARING AND PETITION FOR REHEARING EN BANC

PRESTON BYRON KNAPP, Appellant/Plaintiff, Pro Se
2624 North Saunders Lake Drive
Minnetrista, MN 55364
Phone: (262) 496-8083

**INTRODUCTION**

Pursuant to Rules 35 and 40 of the Federal Rules of Appellate Procedure, Appellants Preston Byron Knapp and Michelle Nichole Knapp respectfully petition this Court for both Panel Rehearing and Rehearing En Banc. This Petition arises from the Court's January 24, 2025, opinion affirming the District Court's imposition of Rule 11 sanctions and dismissing Appellants' remaining claims for lack of jurisdiction. Appellants contend that the panel overlooked or misapprehended critical issues of law and fact that warrant rehearing. Specifically, this Petition asserts that:

1. The District Court misapplied Rule 11 sanctions by relying on Rule 37, contrary to the explicit limitations of Rule 11(d).
2. The Court misapprehended Appellants' timely filing argument and procedural irregularities that should toll the timeline for filing.
3. The denial of Appellants' substantive claims without allowing discovery prejudiced their ability to litigate their case fully.
4. The sanctions and dismissal orders violated judicial ethical principles under Canon 2 of the Code of Conduct for United States Judges.
5. The case raises questions of exceptional importance concerning judicial overreach, procedural integrity, and access to justice for pro se litigants.

**GROUNDS FOR REHEARING**

**I. The District Court Erred in Imposing Rule 11 Sanctions by Misclassifying the Plaintiffs' Motion as Discovery-Related and Violating the Express Language of Rule 11(d).**

Federal Rule of Civil Procedure 11(d) explicitly states:

**"This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37**." (*emphasis added*)

Despite this, the District Court relied on Rule 37 to justify imposing Rule 11 sanctions. Specifically, Judge Susan Richard Nelson stated in her order:

**"As such, the Court considers this motion under the closest federal rule available, Fed. R. Civ. P. 37."** (Dkt. 59, p. 20). (*emphasis added*)

This classification triggered the protections of Rule 11(d), which expressly excludes motions governed by Rule 37 from the scope of Rule 11. Nevertheless, the Court imposed Rule 11 sanctions, directly contravening this procedural safeguard.

The Supreme Court has affirmed that Rule 11 must be narrowly construed, particularly in the context of discovery-related disputes. In ***Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 392 (1990)**, the Court emphasized that Rule 11 sanctions are limited to filings unrelated to discovery. The District Court's action violated this fundamental principle.

Appellants raised this issue repeatedly in their briefing, arguing:

**"The Court, in its Memorandum Opinion and Order (Dkt. 59, page 20), determined that Plaintiffs' motion to compel communication with a third party should be evaluated under Fed. R. Civ. P. 37. This determination renders Rule 11 inapplicable to the Defendants' Motion for Sanctions, making any sanctions awarded under Rule 11 legally unsound."** (Appellants' Brief, p. 16). (*emphasis added*)

The panel's affirmance of the sanction's judgment overlooked this critical procedural error, warranting rehearing.

## II. The Court Misapprehended Appellants' Timely Filing Argument.

The Court dismissed the balance of the appeal for lack of jurisdiction, finding the Notice of Appeal untimely filed. However, Appellants contend that procedural irregularities delayed the finalization of the judgment, which should toll the timeline for filing under ***Bowles v. Russell*, 551 U.S. 205 (2007)**.

In *Bowles*, the Supreme Court recognized the importance of ensuring that procedural errors or delays do not improperly foreclose appellate rights. Here, Appellants' filing timeline was impacted by the procedural handling of the case at the District Court level, and the resulting irregularities merit further review.

Appellants respectfully request that this Court reconsider this issue to ensure no errors in computation or case handling precluded their timely appeal. Procedural fairness requires addressing these irregularities before dismissing jurisdiction.

## III. Denial of Discovery Prejudiced Appellants' Substantive Claims.

The District Court dismissed Appellants' breach of contract and fiduciary duty claims without allowing discovery. These claims required access to documents and communications exclusively in Defendants' possession, such as internal correspondence and transactional records. Dismissing these claims prematurely deprived Appellants of the opportunity to substantiate their allegations, violating principles of due process and fairness.

In ***Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 932 (8th Cir. 2012)**, the Eighth Circuit held that dismissal at the pleading stage is inappropriate when discovery is necessary to develop claims. Similarly, the Supreme Court has emphasized that complaints should not be dismissed unless "beyond doubt" that the plaintiff can prove no set of facts in support of their claim (***Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)**).

The denial of discovery not only prejudiced Appellants but also shielded Defendants from accountability. Rehearing is essential to ensure procedural integrity and the fair resolution of claims.

**IV. The Sanctions and Dismissal Orders Violated Canon 2 of the Code of Conduct for United States Judges.**

Canon 2 of the Code of Conduct for United States Judges mandates that judges "avoid impropriety and the appearance of impropriety." The Commentary further states that impropriety includes violations of law and procedural rules. By

4

imposing Rule 11 sanctions contrary to Rule 11(d), the District Court failed to comply with the law and created the appearance of judicial overreach.

Moreover, the excessive monetary penalties imposed on pro se litigants undermine public confidence in the judiciary's integrity. The sanctions deter access to justice and disproportionately burden non-attorney litigants, contravening the judiciary's ethical obligations.

Rehearing *En Banc* is warranted to address the broader ethical implications of this case and to restore public confidence in judicial impartiality.

**V. The Case Raises Issues of Exceptional Importance.**

This case presents questions of exceptional importance concerning:

1. **Judicial Overreach:** The misapplication of Rule 11 to discovery-related conduct highlights a need for clarity on the scope of judicial authority.

2. **Access to Justice:** The sanctions imposed on pro se litigants discourage legitimate claims and conflict with the Supreme Court's directive in ***Haines v. Kerner*, 404 U.S. 519 (1972)**, to provide pro se litigants with procedural leniency.

3. **Judicial Ethics:** The appearance of impropriety arising from the District Court's actions undermines public trust and warrants full court review.

These issues transcend the specifics of this case, affecting the broader administration of justice and the public's perception of the judiciary.

**RELIEF REQUESTED**

For the reasons stated, Appellants respectfully request that this Court:

1. Grant this Petition for *Panel Rehearing and Petition for Rehearing En Banc*;

2. Vacate the sanctions judgment to the extent it relies on Rule 11 for discovery-related conduct;

3. Reverse the dismissal of Appellants' substantive claims and remand for further proceedings, including discovery;

4. Reassess the jurisdictional issue regarding timeliness of the appeal in light of procedural irregularities; and

5. Provide guidance to ensure compliance with procedural and ethical standards.

Dated: January 26th, 2025                  RESPECTFULLY SUBMITTED,

BY:    /s/ *Preston Byron Knapp*
Preston Byron Knapp
Plaintiff, Pro Se
Pknapp5@gmail.com
(262) 496-8083

/s/ *Michelle Nichole Knapp*
Michelle Nichole Knapp
Plaintiff, Pro Se
Michelleknapp@gmail.com
(540) 931-5682

# CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a)(7)

The undersigned certifies that this brief complies with the volume limitations of Federal Rule of Appellate Procedure 32(a)(7) in that it contains **1455** words as shown by Microsoft Word using Times New Roman 14-point font in preparing this brief.

Dated: January 26th, 2025  RESPECTFULLY SUBMITTED,

BY:  /s/ *Preston Byron Knapp*
Preston Byron Knapp
Plaintiff, Pro Se
Pknapp5@gmail.com
(262) 496-8083

/s/ *Michelle Nichole Knapp*
Michelle Nichole Knapp
Plaintiff, Pro Se
Michelleknapp@gmail.com
(540) 931-5682

# NOTICE OF FILING AND PROOF OF SERVICE

TO: Clerk of the United States Court of Appeals for the Eighth Circuit
111 S. 10th Street, Suite 24.329
St. Louis, MO 63102

PLEASE TAKE NOTICE that on January 26th, 2025, the undersigned has filed the following documents with the Clerk of the United States Court of Appeals for the Eighth Circuit:

- *Petition for Rehearing and Petition for Rehearing En Banc* in digital media format, compliant with the Federal Rules of Appellate Procedure, including **Rule 32(a)(7)** regarding word limits and formatting requirements.

Pursuant to **Federal Rule of Appellate Procedure 25** and **Eighth Circuit Local Rule 25A**, this filing has been submitted electronically via the Eighth Circuit's Case Management/Electronic Case Filing (CM/ECF) system, which will serve copies of this filing on all registered parties.

**Distribution: All Counsel of Record**

Dated: January 26th, 2025

RESPECTFULLY SUBMITTED,

BY: /s/ *Preston Byron Knapp*
Preston Byron Knapp
Plaintiff, Pro Se
Pknapp5@gmail.com
(262) 496-8083

/s/ *Michelle Nichole Knapp*
Michelle Nichole Knapp

Plaintiff, Pro Se
Michellenknapp@gmail.com
(540) 931-5682