No. 24-2722

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

Preston Byron Knapp and Michelle Nichole Knapp,

        *Appellants*,

v.

Compass Minnesota, LLC and Daniel Philip Hollerman

        *Appellees*.

On Appeal from the United States District Court
for the District of Minnesota
Case No.: 0:24-cv-00100-SRN-DTS

# DEFENDANT-APPELLEE DANIEL PHILIP HOLLERMAN'S MOTION FOR ATTORNEY FEES AND DOUBLE COSTS PURSUANT TO RULE 38

Pursuant to Fed. R. App. P. 38, and 8th Cir. Rule 47C(a), Defendant-Appellee Daniel Philip Hollerman ("Hollerman") respectfully requests this Court sanction Plaintiff-Appellants Preston Byron Knapp and Michelle Nichole Knapp (collectively, the "Knapps") for filing a frivolous appeal by awarding Hollerman his attorney fees in the amount of $13,049.00 and double his taxable costs of $73.72. This motion is based on all the records,

files, proceedings herein, and the affidavit of counsel submitted with this motion.

The Knapps appealed all of the District Court's orders in the underlying case, which granted Hollerman's and Defendant-Appellee Compass Minnesota, LLC's ("Compass") joint motion to dismiss, denied the Knapps' motion to compel, denied the Knapps' two motions for default, granted Hollerman's and Compass' joint motion for sanctions, and awarded Hollerman and Compass a monetary judgment as a sanction. This Court correctly determined that the only issue it could hear and decide was the Knapps' appeal regarding the District Court's judgment for sanctions and dismissed the balance of the Knapps' appeal for lack of jurisdiction. *Knapp v. Compass Minnesota,* LLC, No. 24-2722, 2025 WL 289372, at *1 (8th Cir. Jan. 24, 2025). This Court affirmed the District Court's judgment for sanctions. (*Id.*)

The Knapps failed to demonstrate any legal theories or arguments worthy of an appeal and instead reiterated their prior frivolous arguments originally rejected and sanctioned by the District Court. In sanctioning the Knapps, the District Court found that the Knapps' claims and assertions "are rooted in a conspiracy theory concerning the American system of government, which has been roundly rejected by every federal court to

consider it and whose proponents continue to burden the dockets of both this Court and its sister courts…" and that they violated Rule 11. (Sanctions Order, R. Doc. 71 at pp. 7–8.) Nevertheless, the Knapps parroted the same frivolous arguments in this appeal and failed to present any logical reason for this Court to reverse the District Court's findings.

## I. ARGUMENT

### A. The Knapps' Appeal Was Frivolous.

The Knapps' appeal was frivolous and violated Fed. R. App. P. 38. Rule 38 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may…award just damages and single or double costs to the appellee." An appeal is frivolous when "the result is obvious or when the appellant's argument is wholly without merit." *Newhouse v. McCormick & Co., Inc.,* 130 F.3d 302, 305 (8th Cir. 1997) (citations omitted). Here, the Knapps' appeal was without merit—the Knapps continued to present their conspiracy theories concerning the American system of government despite "timely controlling Supreme Court and Eight Circuit case dispositive precedent" in violation of Rule 38. (*Id.*) Because the Knapps' appeal was frivolous, this Court should sanction the Knapps.

First, the majority of the Knapps' appeal was untimely. Timely filing of a notice of appeal is considered mandatory and a jurisdictional requirement. *Bowles v. Russell*, 551 U.S. 205, 209 (2007) (internal citations

omitted). Failure to appeal with the prescribed timeframe required by statute deprives the court of jurisdiction. *Id.* at 210 (internal citations omitted). Here, the Knapps provided no plausible argument as to why their thirty-eight-day-late submission was warranted—in fact, they provided no argument at all. The only time the Knapps made any argument regarding this Court's jurisdiction to hear the appeal in their principal briefing is their blanket statement that they timely appealed. (*See* Knapp Principal Br. at p. 4.) Despite Hollerman raising the jurisdictional issue in his briefing, the Knapps fail to address the issue in their reply. (*See generally* Knapp Reply Br.) Therefore, the Knapps' appeal pertaining to the District Court's orders other than the judgment for sanctions was frivolous.

Second, the Knapps' arguments regarding the judgment for sanctions are equally frivolous. On appeal, the Knapps attempted to make a circular argument regarding the interplay of Rule 11 and Rule 37. First, the Knapps claimed the District Court could not award Rule 11 sanctions because they are unavailable in situations involving Rule 37. (Knapp Principal Br. at p. 12.) The very next paragraph, the Knapps claimed the treatment of their motion to compel as a Rule 37 motion was erroneous. (*Id.* at p. 13.) The Knapps' nonsensical, circular argument is frivolous—they cannot on the one hand claim Rule 11 sanctions were inappropriate due to Rule 37 while

in the same breath claim their motion was not a Rule 37 motion. Furthermore, their claim that the District Court ordered sanctions under Rule 37 is patently wrong—the District Court did not base its sanctions order on Rule 37 or relate it in any way to the Knapps' motion to compel. Rather, the District Court determined that the Knapps engaged in sanctionable conduct by asserting baseless claims against Hollerman, and Compass. (Sanctions Order, R. Doc. 71 at pp. 7–8.) (finding the Knapps' complaint to be baseless and frivolous.) The Knapps' appeal of the sanctions judgment was frivolous.

Similarly, the Knapps' claim that Hollerman failed to follow the local meet and confer rule was equally frivolous. The Knapps' claimed that Michell Knapp was not physically present at the telephone meet and confer prior to the Rule 11 motion hearing, and thus Hollerman violated the meet and confer requirement. (Knapp Principal Br. at p. 14.) However, the Knapps fail to address the fact that Preston Knapp, Brandon Joe Williams, and Joey Kimbrough were all present for the call, and spoke on behalf of the Knapps collectively. (Hollerman Br. p. 15.) Furthermore, the Knapps conflate the meet and confer requirement under Local Rule 7.1 with the safe harbor requirements under Rule 11. The Knapps claimed that Michelle Knapps' failure to be on the meet and confer call equates to a failure by

5

Hollerman to abide by the safe harbor provisions of Rule 11. (Knapp Principal Br. at p. 14–15.) However, the Rule 11 safe harbor provisions required Hollerman to serve a motion for sanctions and safe harbor letter on the Knapps prior to bringing his motion—which he did on February 23, 2024. (Hollerman Br. p. 15–16.) The Knapps' arguments were frivolous.

Third, the Knapps' fail to make any substantive argument as to the reasonableness of the District Court's fee award. The only discussion presented by the Knapps regarding the District Court's fee award, outside of their frivolous arguments against sanctions in general discussed above, amounts to two paragraphs—neither of which contain any legal support for their assertions or any real discussion on the fee award itself. The Knapps first addresses the fee award in their statement of issues, claiming without support that the District Court abused its discretion in awarding "substantial attorneys' fees" given their "pro se status and the nature of the claims…" (Knapp Principal Br. at p. 5.) The Knapps failed to cite any authority for their blanket statement that the fees awarded were substantial, or that their status as pro se litigants has any bearing on the reasonableness of the fees awarded. They also failed to cite any authority or make any argument that the nature of the claims precludes the District Court's fee award. The only other place, in either their principal or reply

briefing, that the Knapps addressed the issue of the fee amounts is their "summary of the argument" section in their principal brief. The Knapps claimed, once again without any legal citation or authority, that the fees were "disproportionate to the nature of the case and not justified given the procedural history and the plaintiffs' pro se status." (*Id.* at p. 10–11.) Like before, the Knapps failed to provide any legal support—or even argument— for their assertion that their pro se status or nature of the case should affect the District Court's fee award. Likewise, they failed to provide any legal authority to support their claim that the procedural history of a case has a bearing on a fee award. The Knapps' appeal of the fee award was frivolous.

Finally, the Knapps spent most of their briefing parroting their arguments previously made to the District Court. The District Court correctly concluded that the Knapps' allegations of breach of contract and breach of fiduciary duty "are definitionally frivolous…" and that the Knapps' "claims under the Federal Reserve Act and various criminal statutes are concededly baseless…." (Sanctions Order, R. Doc. 71 at p. 7.) The District Court found that the Knapps' claims were "rooted in the "redemption" and/or "vapor money" conspiracy theories, long rejected by this and other courts." (*Id.* at pp. 7–8.) Despite this, in their appeal, the Knapps continued to make the same arguments—claiming that they are

entitled to discovery on their frivolous claims. (Knapp Principal Br. p. 21–22.) The Knapps' arguments are frivolous, and this Court should grant Rule 38 sanctions.

The Knapps' appeal was nothing more than a continuation of their baseless vendetta against Hollerman. When an appeal is taken for an improper purpose, it is well settled law that sanctions are warranted. *See United States v. Carter*, 988 F.2d 68, 69–70 (8th Cir. 1993) (finding sanctions appropriate when appellant's argument was rejected "numerous times"); *see also Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 407 (1990) (finding that an appeal of Rule 11 sanctions "may frequently be frivolous" and that "Federal Rule of Appellate Procedure 38 gives appellate courts ample authority to award expenses" in appeals of Rule 11 sanctions); *Porous Media Corp. v. Pall Corp.*, 201 F.3d 1058, 1059–60 (8th Cir. 2000) (awarding sanctions in a frivolous appeal of a district court's imposition of sanctions) Here, the Knapps' appeal was frivolous—they merely reiterated many of the arguments they made at the District Court which were already determined to be frivolous and sanctionable. *See B & M Med., L.L.C. v. ABP Admin., Inc.,* 526 F. 3d 257, 271–72 (6th Cir. 2008) (awarding attorney fees pursuant to Rule 38 sanctions when appellant argued the same claims on appeal that were found frivolous and sanctioned at the district court level)

This Court should grant Hollerman's motion for his attorney fees and double costs for the Knapps' frivolous conduct.

**B.     Hollerman's Attorney Fees Are Reasonable.**

The attorney fees incurred by Hollerman in this appeal are set forth in the affidavit of counsel submitted in support of this motion. As described in the affidavit, counsel's fees are reasonable and commensurate with other attorneys and firms similarly situation. Hollerman has incurred a total of $13,049.00in fees defending this frivolous appeal. (Kouba Affidavit in Support of Motion ("Kouba Aff.") at ¶ 3, 20, 25.) Furthermore, the taxable costs incurred by Hollerman in defending this frivolous appeal are $72.73. (Hollerman Taxation of Costs at ¶ 10.) The Knapps once again thrust Hollerman into litigation to defend this fruitless endeavor. Hollerman is entitled to his reasonable attorney fees and double costs for the Knapps' frivolous appeal.

The starting point for determining the reasonableness of a fee award is to use the lodestar method, reviewing a reasonable hourly rate and the number of hours reasonably spent on the matter. *See Murphy v. Aurora Loan Serv's, LLC*, 859 F. Supp. 2d 1016, 1023 (D. Minn. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Court considers a number of factors, including: the time and labor required; the novelty and difficulty of the issues; the efficiencies of the attorney performing the work; and the prevailing market rates for services by lawyers of reasonably comparable skill, experience, and reputation. *Id.*

Hollerman seeks the fees incurred for having to prepare and defend this frivolous appeal. (Kouba Aff. ¶ 3.)

The customary billing rates here are consistent with, if not less than, rates charged by similar firms for staff with similar backgrounds and experience. Hollerman's counsel charged reasonable rates for their services. Robert Kouba appropriately billed $300 per hour prior to December 1, 2024, and $325 per hour thereafter (*Id.* at ¶ 9, 15(a), 20.) Mr. Kouba has been licensed to practice law since 2016 and has focused the majority of his work on business litigation, real estate litigation, contract litigation, and consumer litigation matters. (*Id.* at ¶ 5, 7.) Mr. Kouba has represented clients at all stages of litigation, from the pleadings stage to appeal. (*Id.* at ¶ 8.) Mr. Kouba's total time spent on this matter was 34.3 billable hours, for a total of $10,145.00. (*Id.* at ¶ 12, 15(a), 20.)

Mr. Kouba was supported by a number of individuals to aid in defending Hollerman from the Knapps' frivolous appeal. Carl Christensen appropriately billed $500 per hour for his time on this matter prior to December 1, 2024, and $550 thereafter. (*Id.* at ¶ 12(a)(xviii), 16.) Mr. Christensen has been licensed to practice law since 2005 and focuses the majority of his practice real estate, consumer, contract, and intellectual property law. (*Id.* at ¶ 12(a)(i, iii).) Mr. Christensen leads the firm's consumer law, business litigation, real estate litigation, trademark litigation, and appellate practice groups. (*Id.*) Mr. Christensen has represented clients in all stages of litigation, including through trial and appeal. (*Id.* at ¶ 12(a)(iv).) Mr. Christensen has spoken extensively on

matters of debtors' remedies, real estate, and consumer law, having presented twenty-two Continuing Legal Education seminars since 2010. (*Id.* at ¶ 12(a)(v).) Mr. Christensen is admitted to practice in all Minnesota state courts, in New York state court, in the United States District Courts, Districts of Minnesota, Colorado, and the Southern District of New York, the United States Court of Appeals for the Eighth Circuit, and the United States Court of Appeals for the Tenth Circuit. (*Id.* at ¶ 12(a)(ix–xii).) Mr. Christensen's total time spent on this matter equaled 3.5 billable hours for $550.00. (*Id.* at ¶ 12(a)(xix), 16, 20.)

The remaining work performed for the benefit of Hollerman by Attorney Sampsel, Attorney Maglio, and the firm's support staff is similarly reasonable. Mr. Sampsel was admitted to practice law in 2016 and focuses his practice on ethics defense, business litigation, real estate litigation, and contract litigation. (*Id.* at ¶ 12(b)(i, iii).) Mr. Sampsel has represented clients in all stages of litigation, from the pleading stage to appeal. (*Id.* at ¶ 12(b)(iv).) Mr. Sampsel appropriately billed $400 per hour for his representation prior to December 1, 2024, and $450 per hour thereafter. (*Id.* at ¶ 12(b)(v), 17.) Mr. Sampsel's time on this matter equaled 1.8 billable hours for a total of $720.00. (*Id.* at ¶ 12(b)(vi), 17, 20.)

Ms. Maglio was admitted to practice law in October 2024 and focuses her practice on consumer litigation, real estate, intellectual property, and contract law. (*Id.* ¶ 12(c)(i, iii.).). Ms. Maglio appropriately billed $265 per hour for her

representation. (*Id.* at ¶ 12(c)(iv), 18.) Ms. Maglio's time on this matter equaled 4.2 billable hours for a total of $1,113.00. (*Id.* at ¶ 12(c)(v), 18, 20.)

The hourly rate of the firm's paralegal, at $140 per hour prior to December 1, 2024, and then $150 per hour thereafter, is consistent with the prevailing market rate for paralegal work in the Twin Cities. (Id. at ¶ 12(d)(ii).) Total paralegal time on this matter equaled 2.2 billable hours for a total of $311.00. (*Id.* at ¶ 12(d)(iii), 19, 20.)

After factoring in the efficiencies of, and discounts extended by, Hollerman's counsel, the total amount of the attorney fees incurred to defend the Knaps' frivolous appeal equal $13,049.00. (*Id.* at ¶ 3, 20, 25.) Christensen Sampsel, PLLC's rates for defending Hollerman in this appeal are reasonable and within the customary billing rates for attorneys in the Twin Cities with similar backgrounds and experience. (*Id.* at ¶ 11, 22, 24.) Furthermore, the District Court previously found Christensen Sampsel, PLLC's rates at the time to be reasonable and awarded Hollerman his fees. (*Id.* at ¶ 22; *see also* Sanctions Order at pp. 9–10.) This Court should award Hollerman his reasonable attorney fees and double costs pursuant to Rule 38.

## II. CONCLUSION

The Knapps' appeal was frivolous on all fronts. Rather than cite and argue legitimate extensions of legal theories and case law, the Knapps resorted to a reproduction of the arguments that were previously sanctioned by the District Court. As such, Hollerman is entitled to an award

of his reasonable attorney fees, and double his taxable costs of $73.72, pursuant to Fed. R. App. P. 38. For these and the foregoing reasons, Hollerman respectfully requests the Court sanction the Knapps in the amount of $13,049.00, representing his attorney fees for defending this appeal, and $147.44, representing double his taxable costs.

Respectfully,

                                        **CHRISTENSEN SAMPSEL PLLC**

Dated: February 7, 2025      /s/ Robert J. Kouba
                                        Carl E. Christensen (MN #350412)
                                        Robert J. Kouba (MN #398428)
                                        305 North Fifth Avenue, Suite 375
                                        Minneapolis, MN 55401
                                        Ph: (612) 473-1200

                                        carl@christensensampsel.com
                                        robert@christensensampsel.com

                                        *Attorneys for Defendant-Appellee*
                                        *Daniel Philip Hollerman*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 27(d)(2)(A), Defendant-Appellee Daniel Philip Hollerman makes the following disclosure:

Defendant-Appellees Daniel Philip Hollerman's motion has been scanned for viruses and is virus-free. Defendant-Appellees Daniel Philip Hollerman's motion contains 2,731 words, excluding the accompanying documents authorized by Fed. R. App. P. 27(a)(2)(B). The type size is a minimum of 14-point proportional spaced Georgia typeface. This brief was prepared using Microsoft Word for Mac, version 16.93.

**CHRISTENSEN SAMPSEL PLLC**

Dated: February 7, 2025

/s/ Robert J. Kouba
Carl E. Christensen (MN #350412)
Robert J. Kouba (MN #398428)
305 North Fifth Avenue, Suite 375
Minneapolis, MN 55401
Ph: (612) 473-1200

carl@christensensampsel.com
robert@christensensampsel.com

*Attorneys for Defendant-Appellee*
*Daniel Philip Hollerman*

**Preston Kapp, et. al. v. Compass Minnesota, LLC, et. al.
Case No. 24-2722**

**<u>CERTIFICATE OF SERVICE
FOR DOCUMENTS FILED USING CM/ECF</u>**

I hereby certify that on February 7, 2025, I electronically filed Appellee Hollerman's Motion for Attorney Fees and Double Costs Pursuant to Rule 38 with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system, and I will serve a copy of the foregoing on all participants in the case who are not registered CM/ECF users, if any, by mailing a copy of the same, first-class, postage paid, to the address listed on the Court's CM/ECF System.


Dated: February 7, 2025          /s/ Robert J. Kouba
                                 Robert J. Kouba (MN #398428)