# IN THE UNITED STATES COURT OF APPEALS
for the Eighth Circuit
APPELLATE CAUSE NO. 24-2722

| | |
|---|---|
| PRESTON BYRON KNAPP; ) | Appeal from the United States |
| MICHELLE NICHOLE KNAPP ) | District Court – Minnesota District |
| *Appellants,* ) | |
| ) | |
| ) | |
| VS. ) | District Court Case No. |
| ) | 0:24-cv-00100-SRN-DTS |
| ) | |
| COMPASS MINNESOTA, LLC, et. al, ) | |
| *Appellees.* ) | The Honorable Susan Richard Nelson, |
| ) | District Court Judge |

---

## PLAINTIFF-APPELLANTS' OPPOSITION TO DEFENDANT-APPELLEE DANIEL PHILIP HOLLERMAN'S MOTION FOR ATTORNEY FEES AND DOUBLE COSTS PURSUANT TO RULE 38

---

PRESTON BYRON KNAPP, Appellant/Plaintiff, Pro Se
2624 North Saunders Lake Drive
Minnetrista, MN 55364
Phone: (262) 496-8083

# I. Introduction

Appellants Preston Byron Knapp and Michelle Nichole Knapp ("Appellants") respectfully oppose *Appellee Daniel Philip Hollerman's Motion for Attorney Fees and Double Costs under Federal Rule of Appellate Procedure 38*. The Motion is based on a fundamentally flawed legal premise and represents yet another attempt by Appellee's counsel to extort money through an unsupported legal theory that has already been rebutted.

The motion should be denied in its entirety because:

1. The District Court abused its discretion by imposing Rule 11 sanctions despite the clear prohibition of Rule 11(d), which expressly excludes discovery-related motions from its scope.
2. Because the underlying sanctions order was improper, any claim for additional sanctions in the form of attorneys' fees and double costs is equally invalid.
3. Appellee's motion is yet another bad-faith attempt to financially burden Appellants, a continuation of meritless legal maneuvers against them.

For these reasons, the Court should deny Appellee's motion outright, with prejudice, and refuse to award any attorneys' fees or costs.

## II. The District Court Abused Its Discretion by Imposing Rule 11 Sanctions in Violation of Rule 11(d)

### A. Rule 11(d) Explicitly Prohibits Sanctions for Discovery Motions

Federal Rule of Civil Procedure 11(d) provides an unambiguous exception to Rule 11 sanctions:

*"(d) Inapplicability to Discovery. This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."* (*emphasis added*)

This categorical exclusion means that no court has discretion to impose Rule 11 sanctions on a discovery-related motion. This is not a subjective determination—it is a bright-line rule set forth in the plain language of Rule 11(d).

Here, the District Court expressly classified Appellants' Motion to Compel as a discovery motion under Rule 37:

*"As such, the Court considers this motion under the closest federal rule available, Fed. R. Civ. P. 37."* (**District Court Order, Doc. 59, p. 20**).

Once the District Court reclassified the motion as a Rule 37 discovery motion, Rule 11(d) barred any Rule 11 sanctions as a matter of law. Judge Susan

Richard Nelson had no discretion to impose Rule 11 sanctions, making the entire basis for the sanctions award invalid.

**B. The Eighth Circuit Must Reverse the Improper Rule 11 Sanctions**

Because the District Court lacked authority to impose Rule 11 sanctions in the first place, this Court must reverse the improper sanctions order. The law is clear:

- Rule 11(d) prohibits sanctions for Rule 37 motions.
- The District Court labeled the motion as a Rule 37 motion.
- The sanctions order is therefore legally void and must be overturned.

Appellee's request for further sanctions (attorney fees & costs) under Rule 38 cannot stand, because it is premised on an underlying sanctions order that is itself unlawful.

**III. Appellee's Motion is Another Attempt at Unjust Gain**

**A. Appellee's Counsel Has Engaged in a Pattern of Frivolous Attacks**

Attorney Robert Kouba is engaging in bad-faith litigation tactics by filing yet another meritless motion seeking financial punishment for an already improper ruling. This is nothing more than an attempt to:

- Extort additional funds from Appellants despite the District Court's clear legal errors.

- Continue using the courts to financially exhaust Appellants through baseless fee demands.

- Punish Appellants for exercising their right to appeal an erroneous ruling.

This behavior violates the ethical duty of candor required of attorneys under Minnesota Rule of Professional Conduct 3.3(a)(1), which prohibits:

*"knowingly making a false statement of law or fact to a tribunal or failing to correct a false statement of material fact or law previously made."*

By filing a motion for Rule 38 sanctions while knowingly relying on an invalid sanctions order, Attorney Kouba has violated his ethical duties and should be sanctioned himself.

**B. Appellee's Motion is Based on False Presumptions, All of Which Are Now Rebutted**

Attorney Kouba's motion presumes the validity of the Rule 11 sanctions, yet Appellants have completely rebutted this premise by demonstrating that:

- Rule 11(d) precluded the District Court from issuing sanctions.

- The District Court admitted the motion was a Rule 37 discovery motion.

- Any resulting sanctions order was improper and must be reversed.

This means Appellee has no basis for seeking attorney fees or costs—his entire motion is built on a false presumption that has now been irrefutably disproven.

**IV. This Court Should Deny Appellee's Motion in Its Entirety**

**A. The Eighth Circuit Has Repeatedly Denied Frivolous Rule 38 Requests**

The Eighth Circuit has consistently denied sanctions motions that attempt to improperly punish appellants for raising legitimate legal challenges.

For example, in ***Porous Media Corp. v. Pall Corp.*, 201 F.3d 1058, 1059 (8th Cir. 2000)**, the Court rejected a Rule 38 motion where the appeal, even if unsuccessful, was not entirely baseless.

Here, Appellants presented a well-supported legal argument regarding Rule 11(d)—one that is rooted in clear legal precedent and the plain language of the Federal Rules of Civil Procedure.

This Court should follow its precedent and reject Appellee's frivolous request for sanctions.

**B. The Court Must Prevent Abusive Fee-Shifting Tactics**

The judiciary should not be weaponized by attorneys like Robert Kouba to:

- Punish pro se litigants for seeking justice.
- Extract excessive legal fees under false pretenses.
- Financially cripple opposing parties through bad-faith sanctions motions.

By denying Appellee's motion outright, this Court will send a strong message that fee-shifting should not be used as a tool of financial harassment.

**V. Conclusion**

For the foregoing reasons, this Court should deny Appellee's Motion for Sanctions in its entirety because:

1. The underlying Rule 11 sanctions order was improper and must be overturned.

2. Attorney Kouba's motion is based on false legal premises, all of which have been rebutted.

3. This is a clear attempt at financial extortion, and the Court should not reward such tactics.

Accordingly, Appellee's request for attorney fees and double costs should be summarily denied.

Dated: February 11th, 2025                RESPECTFULLY SUBMITTED,

                                                      BY:   /s/ *Preston Byron Knapp*
                                                             Preston Byron Knapp
                                                             Plaintiff, Pro Se
                                                             Pknapp5@gmail.com
                                                             (262) 496-8083

                                                             /s/ *Michelle Nichole Knapp*
                                                             Michelle Nichole Knapp
                                                             Plaintiff, Pro Se
                                                             Michelleknapp@gmail.com
                                                             (540) 931-5682

# CERTIFICATE OF COMPLIANCE WITH FEDERAL RULE OF APPELLATE PROCEDURE 32(a)(7)

The undersigned certifies that this *Response in Opposition* complies with the volume limitations of Federal Rule of Appellate Procedure 32(a)(7) in that it contains **1357** words as shown by Microsoft Word using Times New Roman 14-point font in preparing this response in opposition.

Dated: February 11th, 2025    RESPECTFULLY SUBMITTED,

BY:    /s/ *Preston Byron Knapp*
Preston Byron Knapp
Plaintiff, Pro Se
Pknapp5@gmail.com
(262) 496-8083

/s/ *Michelle Nichole Knapp*
Michelle Nichole Knapp
Plaintiff, Pro Se
Michelleknapp@gmail.com
(540) 931-5682

## NOTICE OF FILING AND PROOF OF SERVICE

TO: Clerk of the United States Court of Appeals for the Eighth Circuit
111 S. 10th Street, Suite 24.329
St. Louis, MO 63102

PLEASE TAKE NOTICE that on February 11th, 2025, the undersigned has filed the following documents with the Clerk of the United States Court of Appeals for the Eighth Circuit:

- **PLAINTIFF-APPELLANTS' OPPOSITION TO DEFENDANT-APPELLEE DANIEL PHILIP HOLLERMAN'S MOTION FOR ATTORNEY FEES AND DOUBLE COSTS PURSUANT TO RULE 38** in digital media format, compliant with the Federal Rules of Appellate Procedure, including **Rule 32(a)(7)** regarding word limits and formatting requirements.

Pursuant to **Federal Rule of Appellate Procedure 25** and **Eighth Circuit Local Rule 25A**, this filing has been submitted electronically via the Eighth Circuit's Case Management/Electronic Case Filing (CM/ECF) system, which will serve copies of this filing on all registered parties.

**Distribution: All Counsel of Record**

Dated: February 11th, 2025        RESPECTFULLY SUBMITTED,

BY:   /s/ *Preston Byron Knapp*
Preston Byron Knapp
Plaintiff, Pro Se
Pknapp5@gmail.com
(262) 496-8083

/s/ *Michelle Nichole Knapp*
Michelle Nichole Knapp

Plaintiff, Pro Se
Michellenknapp@gmail.com
(540) 931-5682